UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| THOMAS C. HAYES, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| v. | ) | 1:14-cv-67 |
| | ) | *Judge Mattice* |
| CCA−SILVERDALE CORRECTIONAL FACILITY, CHRISTINE FERGUSON, A. DETHROW, M HAYES, R. SHEPARD, A. COLLINS, All Individuals are Sued in Both Their Official and Individual Capacities, | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

Thomas C. Hayes ("Plaintiff"), a *pro se* prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). On May 8, 2014, the Court issued an order directing Plaintiff to complete the service packets and return them to the District Court Clerk within twenty (20) days from the date of the order (Doc. 4). Plaintiff was forewarned that failure to return the completed service packet within the time required could result in the dismissal of his case for failure to follow the Court's order and failure to prosecute.

Plaintiff has not responded to the Court's May 8, 2014, Order. Consequently, the Court will dismiss Plaintiff's complaint for noncompliance with its Order and failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or

any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("'The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)).

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The Clerk will be **DIRECTED** to close the case.

A judgment will enter.

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE